# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANDRE SYLVESTER WATTS,

      Petitioner,

v.                          Civil Action No. 1:04CV40
                                  (Judge Keeley)

JOSEPH SMITH, Warden; and
THE UNITED STATES PAROLE COMMISSION,

      Respondent.

## ORDER ACCEPTING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT

### I. INTRODUCTION

On April 29, 2003, pro se petitioner, Andre Sylvester Watts ("Watts"), who is presently an inmate at FCI-Gilmer, filed a petition pursuant to 28 U.S.C. §2241 in the United States District Court for the District of South Carolina. The case was eventually transferred to this Court, via the Southern District of West Virginia, on March 2, 2004. The Court then referred this petition and other pending motions[1] in this case to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.09. On November 18, 2004, Judge Kaull issued a Report and Recommendation, recommending that Watts's motions be denied, that

---

[1] On September 23, 2003, the respondents filed a motion to dismiss, or in the alternative, a motion for summary judgment. On October 6, 2003, Watts filed a motion to stay the motion for summary judgment and a motion to re-characterize his petition as under § 2241. On July 26, 2004, Watts filed a motion for priority of the civil action pursuant to 28 U.S.C. § 1657.

**ORDER ACCEPTING THE MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT**

the respondents' motion for summary judgment be granted, and that Watts' petition be dismissed with prejudice. After receiving leave from the Court, Watts filed his objections to Magistrate Kaull's report and recommendation on June 8, 2005.

The Court has reviewed the record before it and has conducted a <u>de novo</u> review of all matters before the magistrate judge in considering Watts' §2241 motion. It appears that the magistrate judge's recommendation to dismiss Watts' complaint reflects the law applicable to the present facts and for the following reasons, this Court **AFFIRMS** the magistrate judge's Report and **DISMISSES WITH PREJUDICE** Watts' complaint.

## II. BACKGROUND

### A. Relevant Facts/Procedural History

Watts was convicted in the United States District Court for the Eastern District of Virginia of theft of personal property within the special jurisdiction of the United States. On May 15, 1987, he was sentenced to five years imprisonment, and in May, 1994, began serving his sentence. Watts was scheduled to fully complete his sentence on April 22, 1999, but was paroled earlier, on May 20, 1997.

On or about April 1, 1998, Watts' parole officer filed a Violation Report, indicating that Watts had been arrested on

**ORDER ACCEPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT**

February 28, 1998 for attempted robbery, but that the charges had been dismissed without prejudice. The petition also stated that the petitioner had tested positive for morphine on March 12, 1998. The parole officer did not recommend any action be taken on Watts' violations of the conditions of his parole at that time.

Thereafter, on June 12, 1998, Watt's parole officer filed a second Violation Report, indicating that Watts had tested positive for morphine on a second occasion, and also had failed to attend a drug treatment program. On this occasion, the probation officer recommended that a violation of parole proceedings be initiated and a summons be issued.

Consequently, on July 17, 1998, the United States Parole Commission ["the Commission"] issued a warrant for Watts' arrest. On September 1, 1998, the Commission supplemented the warrant to reflect that on June 12, 1998, Watts had been arrested by the D.C. Metropolitan Police Department for robbery, armed robbery and assault on police.

On March 23, 1999, the Superior Court of the District of Columbia sentenced Watts to a term of 120 days for attempted theft. Soon thereafter, on May 26, 1999, he was sentenced by the same court to a consecutive term of 3-9 years for robbery and 1-3 years for assaulting, resisting or interfering with a police officer.

3

## ORDER ACCEPTING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT

On December 2, 2002, Watts applied for parole on his aggregated sentence of 4-12 years. The initial parole hearing was held on February 5, 2003. The hearing examiner determined that Watts must be incarcerated for 84-96 months to be eligible for parole and recommended that Watt's parole hearing be continued until February 2006 because Watts had been in custody for only 46 months. On February 24, 2003, the Commission issued its written decision denying parole and continuing Watts' parole hearing until March 2006.

On April 9, 2003, Watts requested that the Commission reconsider its denial of parole because he believed the salient factor score had been incorrectly calculated based on inaccurate information concerning his past convictions and arrests. He attached portions of his pre-sentence report ("PSR") in support of his request for reconsideration. By a letter dated April 9, 2003, the Commission advised Watts that it would not reopen his case because his salient factor and base point scores would not be affected by the corrected information.

On April 29, 2003, Watts filed a petition pursuant to 28 U.S.C. §2241, contending that the Commission had erred in denying him parole. In his motion, Watts specifically asserted:

(1) The respondents failed to disclose information which was disclosable under 28 C.F.R. §2.56;

4

**ORDER ACCEPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT**

(2) The respondents relied on inaccurate information on separate occasions and the respondent inappropriately applied factors to determine the salient factor score and base point score; and

(3) The guidelines (28 CFR §2.19 and §2.20) used by the respondents were not published in the Federal Register and the application of the guidelines violated the ex post facto clause; and

On June 4, 2003, Watts filed an amendment to his Petition for Writ of Habeas Corpus asserting an additional claim that he had not been given a comprehensive statement of reasons for the denial of parole.[2]

On September 23, 2003, the respondents filed their motion to dismiss or, the alternative, for summary judgment, asserting that no prejudice had resulted to Watts and that the Ex Post Facto Clause does not apply to its regulations. In their motion, the respondents stated:

(1) Watts had the opportunity to continue his hearing if he was not prepared to go forward;

(2) Watts cannot establish that his parole guidelines have been improperly calculated; and

(3) Watts has not been subjected to an ex post facto punishment.

---

[2] The United States District Court of South Carolina did not acknowledge Watts' amendment on its docket sheet. However, the Court will address the issue raised through his amendment in this Order because Watts clearly asserted the claim in his objections to the magistrate judge's report and recommendation and the respondents addressed the additional claim in their response to Watts' objections.

**ORDER ACCEPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT**

### B. Report and Recommendation and Objections

On November 18, 2004, Magistrate Judge Kaull filed his Report
and Recommendation, recommending that the respondent's motion for
summary judgment motion be granted and Watts' petition be dismissed
with prejudice. The magistrate judge found that Watts had failed to
allege or demonstrate that he was prejudiced by the alleged failure
to obtain pre-hearing disclosure. He also found that the Commission
had properly exercised its discretion in denying Watts' parole. He
further stated that the Commission's application of parole
guidelines to Watts did not impose ex post facto punishment because
the guidelines are not laws. Finally, Magistrate Judge Kaull
indicated that the Notice of Action provided sufficient information
to Watts concerning the reasons for the denial of his parole.

Based on the fact that Watts had failed to file objections
within ten (10) days after the filing of the report and
recommendation, on December 3, 2004, the Court entered an Order
adopting the magistrate judge's report and recommendation in its
entirety and dismissing Watts' petition with prejudice without a de
novo review. On December 9, 2004, Watts filed a motion to amend his
habeas corpus petition, claiming that the Commission also had erred
in calculating his parole guideline range because it improperly had

6

**ORDER ACCEPTING THE MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT**

characterized his robbery charge as a crime of violence.[3] Also on December 9, 2004, Watts filed a motion to extend time to file objections to the magistrate judge's report and recommendation. On May 18, 2005, the Court granted Watts' motion and provided him with twenty (20) additional days in which to file his objections. The Court also stated that the respondents had fourteen (14) days after receiving Watts' objections to file their objections.

On June 8, 2005, Watts filed his objections to Magistrate Kaull's report and recommendation. In those objections, he stated that the magistrate judge had erred in converting the respondent's motion to dismiss to a summary judgment motion. He also stated that he could not waive the initial parole hearing to obtain all relevant documents from the respondent because he had satisfied a minimum portion of his sentence and could have been on parole pursuant to the Commission's guidelines. Watts contends that the respondents' failure to disclose records prior to the hearing prevented him from preparing for his parole hearing and requires this Court to rescind the Commission's Notice of Action.

He further stated that the respondents have admitted they used incorrect information in their calculations and that their actions

---

[3] On August 15, 2005, the Court denied Watts' motion to amend because he had fully set forth his additional claim in his objections to the magistrate judge's report and recommendation. As previously stated, the Court will address the additional claim in light of Watts' objections.

7

**ORDER ACCEPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT**

should not be excused based solely on their representations that the correction of such information does not affect his base score. Watts asserts that his base point score range would have been 12-18 months but for the Commission's error in classifying his robbery conviction as a crime of violence and counting one conviction twice.

Watts also asserts that, because he was arrested on June 12, 1998, his parole calculations should have been determined under the 1987 laws, statutes and regulations, and that the application of the 1998 guidelines imposed ex post facto punishment. Finally, he states that the respondent is required to give more than the salient factor and base factor calculations for its basis of why parole was denied and denial cannot be substantiated with mere numbers.

On June 15, 2005, the respondents sought an extension of time to respond to Watts' objections. On June 21, 2005, the Court entered an Order that provided the respondent with additional time in which to file their response. Thereafter, on July 1, 2005, the respondents filed their response, arguing that Watts had provided no additional basis for granting his petition. They also contended that Watts is asking this Court to review the merits of the Commission's decision to deny parole when its review is limited to

**ORDER ACCEPTING THE MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT**

whether the petitioner has been deprived of his legal rights by the manner in which the hearing was conducted.

With respect to Watts' objections concerning his pre-hearing disclosure and ex post facto challenge, the respondents directed the Court to their motion to dismiss, stating that Watts had offered no new information regarding those claims on which the Court could base a finding that the magistrate judge had erred in his report and recommendation. Finally, they asserted that the Commission's Notice of Action provided a full explanation of the calculation of petitioner's parole guidelines and that additional reasons need only be provided when a decision exceeds the guidelines.

On July 17, 2005, Watts replied to this, asserting that because there was error in his parole hearing, the entire proceeding was tainted and that the proceedings must be conducted again despite the respondent's representations that the incorrect information had no effect on their findings. According to Watts, to allow the Commission's findings to stand based on those proceedings would not be "fair play." Watts also contends that if the petitioner had provided him with the pre-hearing assessment information as requested he could have "curtailed" the errors earlier.

**ORDER ACCEPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT**

### III. STANDARD OF REVIEW

#### A. Motion to Dismiss

When the respondents filed their Rule 12(b)(6) motion to dismiss, they submitted various documents in the file maintained by the Commission on Watts. Rule 12(b) states, in pertinent part:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

"When a party is aware that material outside the pleadings is before the court, the party is on notice that a Rule 12(b)(6) motion may be treated as a motion for summary judgment." Gay v. Wall, 761 F.2d 175, 177 (4th 1985); see also Laughlin v. Metropolitan Washington Airports Auth., 149 F. 3d 253, 261 (4th Cir. 1998). The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977). So too has the Fourth Circuit Court of Appeals. See Maynard v. Dixon, 943 F. 2d 407 (4th Cir. 1991), 502 U.S. 1110 (1992). The magistrate judge, therefore, did not err in converting the respondent's motion to dismiss into a motion for summary judgment brought pursuant to Rule 56 of the Federal Rules of Civil Procedure.

ORDER ACCEPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT

## B. Motion for Summary Judgment

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Further, In considering a motion for summary judgment, the court is required to draw reasonable inferences from the facts in a light most favorable to the nonmoving party. Id. However, "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient..." Id. at 252. Rather, to withstand such a motion, the nonmoving party must present evidence from which "a fair-minded jury" could return a favorable verdict. See Id.

Initially, the moving party has the burden to show an absence of a genuine issue concerning any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). Once the moving party has met its initial burden, the burden shifts to the nonmoving party to "establish the existence of an element essential to that party's

11

**ORDER ACCEPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT**

case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To discharge this burden, the nonmoving party cannot rely on its pleadings but instead must have evidence showing that there is a genuine issue for trial. Id. at 324.

## C. Review of Commission's Decision Pursuant to 28 U.S.C. §2241

A prisoner seeking habeas corpus relief under §2241 must demonstrate that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §2241(c)(3). However, subsection (d) of 18 U.S.C. §4218 establishes that Commission decisions regarding parole are committed to the discretion of the agency under the Administrative Procedure Act. Parole decisions are not "subject to arbitrary and capricious or abuse of discretion review under the provisions of the Administrative Procedure Act, 5 U.S.C. §701(a)(2)." Page v. Pearson, 261 F.Supp.2d 528, 530 (E.D.Va. 2003). "Where the controlling statute indicates that particular agency action is committed to agency discretion, a court may review the action if there is a claim that the agency has violated constitutional, statutory, regulatory or other restrictions, but may not review agency action where the challenge is only to the decision itself."

**ORDER ACCEPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT**

Garcia v. Neagle, 660 F.2d 983, 988 (4th Cir. 1981), cert. denied, 454 U.S. 1153 (1982).

The Commission, therefore, has broad authority and responsibility to consider all relevant information in deciding whether a prisoner received parole. Accordingly, the Court lacks authority to substitute its opinion in the place of the Commission's factual determinations, and is without authority to review the reasonableness of the Commission's decision to deny parole to Watts. A district court may only review the Commission's decision to determine whether there has been a violation of a constitutional, statutory, regulatory or other restrictions. Id.; see also Gruber v. United States Parole Commission, 792 F. Supp. 42 (N.D. W.Va. 1992).

### III. ANALYSIS

Inasmuch as Watts asserts that the Commission acted arbitrarily and capriciously in denying him parole, and abused its discretion in the manner in which it conducted his parole hearing, the Court may not conduct a review of the Commission's substantive decision, and may only review the Commission's decision in light of Watts' claims that the Commission violated constitutional, statutory or regulatory restrictions.

### ORDER ACCEPTING THE MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT

#### A. Pre-Hearing Disclosure

Watts contends that he was not afforded his right to pre-hearing disclosure of the Commission's file. In his Complaint, Watts initially stated that he was not provided with the "initial hearing summary" prior to his parole hearing pursuant to 28 C.F.R. §2.56. However, §2.56 applies only to post-hearing disclosures. 28 C.F.R. §2.55 applies to disclosure of the Commission's file prior to the parole hearing, and limits the scope of pre-hearing disclosure to reports and other documents to be used by the Commission in making its determination.

The "initial hearing summary" is not prepared prior to an inmate's hearing. The "initial hearing summary" for Watts' parole hearing clearly indicates that the hearing took place on February 5, 2003, but the "initial hearing summary" was not produced until February 13, 2003. Watts' "initial hearing summary," therefore, would not have been available for disclosure prior to his hearing. Furthermore, Watts could have obtained the material contained in the Commission's file by reviewing the BOP's file prior to his hearing.

In his objections, Watts also alleges that he did not have the opportunity to review his PSR prior to his hearing, and that, had he been permitted to review his PSR, he could have "curtailed" the

## ORDER ACCEPTING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT

the Commission's alleged errors. Watts, however, fails to establish any prejudice flowing from the Commission's alleged failure to provide pre-hearing disclosures. Notably, he did not request that his hearing be cancelled to allow him the opportunity to review his PSR prior to his hearing. Furthermore, following his parole hearing, on April 9, 2003, Watts was afforded the opportunity to review his presentence report and, in fact, utilized information from the presentence report to support his request for reconsideration of the Commission's denial of parole. Borre v. Garrison, 536 F. Supp. 76, 79 (E.D.Va. 1982); Payton v. Thomas, 486 F.Supp. 64, 67 (S.D.N.Y.).

Specifically, Watts submitted a copy of his pre-sentence report and a copy of an order expunging one of his records in support of his request for reconsideration. The Commission reviewed the information provided by Watts, but declined to change its decision. Watts, therefore, had the opportunity to challenge the Commission's decision and provide it with the information from his PSR that he believed would support a revision to its parole decision. Accordingly, the magistrate judge's finding, that Watts' claim that the respondents failed to provide him with pre-hearing disclosures does not afford him the relief he seeks, is not contrary to the applicable law.

## ORDER ACCEPTING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT

### B. Inaccurate Information

Watts further contends that the Commission relied on inaccurate information in determining his salient factor score and base point score. The salient factor is used to determine the base point score and the total guideline range is made up of the following components: (1) base point score guideline range; (2) months required to serve to parole eligibility date; (3) disciplinary guideline range; and (4) superior program achievement award. The base point score allows the Commission to calculate a Total Guideline Range, which it the total time a prisoner would be expected to serve until he would be suitable for parole. The base point score is determined by adding the salient factor score to the scores obtained by determining whether the prisoner's current conviction involved violence against a person and whether a prior offense involved felony violence. The salient factor score is determined by the following factors: (1) the number of prior convictions/adjudications; (2) number of prior commitments of more than 30 days; (3) age at commencement of the current offense/prior commitment of more than 30 days; (4) probation/parole/ confinement/escape status violator at the time of the current offense; and (5) whether the individual was 41 years of age or more at the commencement of the current offense.

**ORDER ACCEPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT**

In determining Watts' salient factor score, the hearing examiner listed his nine most significant prior convictions. Those convictions included a conviction for larceny and a separate conviction of grant larceny and possession of stolen property. The list also included a September 9, 1996 conviction for a Bail Reform Act violation. Watts argues that the Commission should only have counted the larceny convictions as one conviction because the convictions ran concurrent and there was no intervening arrest. He also asserts that a conviction for a Bail Reform Act violation was expunged from his record and should have not been taken into consideration when determining his salient factor score.

The respondents concede that the larceny conviction should have only been considered as one conviction and the Bail Reform Act conviction should not have been included in determining the salient factor score. Significantly, however, seven prior convictions instead of nine would not affect Watts' salient factor score. Prior convictions/adjudications of four or more, and prior commitments of more than 30 days, equals a score of zero; thus his salient score remains the same despite the removal of the two incorrect convictions. Accordingly, Watts' salient factor score remains a 3, which indicates that he was a poor risk for parole in February of 2003. The Court cannot review the Commission's substantive decision

**ORDER ACCEPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT**

to deny Watts parole based on findings reasonably based in the applicable statutory and regulatory law.

Watts also contends that his parole guidelines should be modified because the Commission inappropriately characterized his current offense as a felony involving violence. He asserts that the respondents cannot rely on the indictment and his additional current offense of felony assault on a police officer to substantiate its finding that his current offense was a felony that involved force. Pursuant to 28 C.F.R. §2.80(f), the Commission is required to assess the prisoner's current and prior offenses to determine whether any of the offenses involved felony violence.

On May 26, 1999, Watts was sentenced by the same court to a consecutive term of 3-9 years for robbery and 1-3 years for assaulting, resisting or interfering with a police officer. The indictment charged him with attempt to commit robbery "by means of certain overt acts, that is, reaching into a coat pocket did attempt, by force and violence ..." According to Watts, a grand jury can indict a person with any offense; thus the respondents cannot rely on the indictment as the basis for its characterization of his robbery conviction as a felony of violence. However, Watts not only was indicted, he also was convicted of the offense. Therefore, the Government had established each element of the

**ORDER ACCEPTING THE MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT**

offense to obtain the conviction. Therefore, the Commission had a reasonable basis for characterizing the robbery offense as a felony of violence and adding two points for violence in Watts' current offense.

Moreover, even if the Commission had not counted the robbery offense as a felony of violence, Watts had also been previously convicted of felony assault on a police officer, which clearly falls within the ambit of 28 C.F.R. §2.80(g)(4). Section 2.80(g)(4) states that "other violence" means any of the following felony offenses that do not qualify as high level violence: (i) Robbery; (ii) residential burglary; (iii) felony assault; (iv) felony offenses involving a threat, or risk, of bodily harm; (v) felony offenses involving sexual abuse or sexual conduct; (vi) involuntary manslaughter (excluding negligent homicide).

Watts' challenge to the Commission's characterization of his current offense goes only to the merits of the Commission's decision. As previously stated, this Court does not have authority to review the merits of the Commission's decision, except to the extent that the decision falls outside the scope of the applicable guidelines. Here, there is no evidence that the Commission's characterization of Watts' robbery offenses is without a factual basis in the record to support its decision.

**ORDER ACCEPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT**

## C. Ex Post Facto Clause

Watts also contends that the respondents violated the ex post facto clause of the Constitution when it applied the District of Columbia's regulations, rather than applying the rules of the District Columbia Board of Parole in effect when he entered his guilty plea in the District of Columbia. Watts also contends that the Commission's application of the salient factor and base point scores at his parole hearing violated the ex post facto clause. The ex post facto clause of the United States Constitution prohibits the enactment of any law that is retrospective in nature and disadvantages the offender affected by it.

On August 5, 1998, through the National Capital Revitalization and Self-Government Improvement Act of 1997, the Commission obtained jurisdiction of D.C. Code offenders to grant and deny parole. Franklin v. District of Columbia, 163 F.3d 625, 632 (D.C.Cir. 1998). The Revitalization Act provided that the Commission was to follow the parole law and regulations of the District of Columbia, but also granted the Commission "exclusive" authority to amend or supplement any regulation interpreting or implementing the parole laws of the District of Columbia with respect to felons. Simmons v. Shearin, 295 F.Supp. 599, 602 (D.Md. 2003).

## ORDER ACCEPTING THE MAGISTRATE JUDGE'S
**REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT**

Subsequently, the Commission established amendments and revisions to the 1987 guidelines of the D.C. Board of Parole that remained in effect until August 5, 1998. 28 C.F.R. §2.70, et seq. On July 21, 1998, the Commission's amended version of the parole rules and guidelines were published in the Federal Register at 63 FR 39172, and are found at 28 C.F.R. §2.70, et seq. The Commission's guidelines are set forth in 28 C.F.R. §2.80 and the use of a salient factor and base point scores are consistent with the law of the District of Columbia.

The parole guidelines, moreover, are not laws, and, therefore, they cannot give rise to an ex post facto violation. McKissick v. United States Parole Comm'n, 295 F. Supp.2d 643, 647-648 (S.D.W.Va. 2003). They are guidelines that operate only to provide a framework for the USPC's exercise of its discretion. The Commission has complete discretion in granting parole to an eligible prisoner, Simmons v. Shearin, 295 F.Supp.2d at 599; see also DiNapoli v. Northeast Parole Comm'n, 764 F.2d 143, 146 (2nd Cir. 1985); Sheary v. United States Parole Comm'n, 822 F.2d 556, 558 (5th Cir. 1987), and the parole guidelines merely indicate when, in most cases, a prisoner can expect release. The Commission's guidelines, therefore, do not impose ex post facto punishment because they are not laws.

21

**ORDER ACCEPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT**

Furthermore, even if the parole guidelines did constitute laws, their application in this case does not violate the ex post facto clause because Watts did not receive a greater punishment as a result of the fact that the Commission applied the regulations to his case. For purposes of the ex post facto clause of the United States Constitution, an offender is only disadvantaged by any law that imposes a punishment for an act which was not punishable at the time it was committed, or that imposes additional punishment to that then prescribed. McKissick v. United States Parole Comm'n, 295 F. Supp.2d at 646-47. Of relevance of the case at bar, the Commission's guidelines only expanded the D.C. Board of Parole's 1987 guidelines. The Commission, however, maintained its discretion in applying and departing from the guidelines. Therefore, the use of the salient factor score does not violate the ex post facto clause because it did not impose a greater punishment on Watts. Id. at 649.

**D. Statement of Reasons**

Watts claims that he was not given a comprehensive statement of reasons for the denial of parole. In a parole setting, procedural due process requires no more than a brief statement of reasons indicating to the inmate why parole has been denied. Bloodgood v. Garraghty, 783 F.2d 470, 473 (4th Cir. 1986); see also

## ORDER ACCEPTING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT

Hill v. Attorney General of the United States, 550 F.2d 901 (3rd Cir. 1977). A factual summary of the information relied upon by the Commission is only required if the Commission acts outside the guidelines. Shahid v. Crawford, 599 F.2d 666, 672 (5th Cir. 1979).

The Commission's February 24, 2003 Notice of Action provided to Watts indicated that his total guideline range was 84 to 96 months, and provided the calculations of his salient and base point scores. Furthermore, the Notice indicated that Watts had only served 46 months of his term of imprisonment as of February 3, 2003. The Notice, thus, contained sufficient reasons for denying parole. See e.g. Barr v. U.S., 415 F.Supp. 990 (W.D. Okla. 1976). Accordingly, Watts' claim that he was not given a comprehensive statement of reasons for the denial of parole fails as a matter of law.

### E. Motion to Strike

In his reply to the respondents' response to his objections to the magistrate judge's report and recommendation, Watts states that the respondents have failed to file a responsive pleading to his "Motion For Leave To File Out of Time To Strike Pursuant To F.R.Civ.P. Rule 12(f)" that he filed on June 8, 2005. In this motion to strike, Watts asserts that the respondents included impertinent information in their motion to dismiss or, in the

**ORDER ACCEPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT**

alternative, for summary judgment which was included only to "smear" his character and requests that such information be stricken from their pleadings. He further states that the respondents failure to respond to his motion to strike suggests that it is conceding the claims made by him in the motion.

Federal Rule of Civil Procedure 12(f), however, requires that such motion be filed prior to the filing of any responsive pleading. Watts filed a "Motion to Stay Respondent Motion for Summary Judgment" on October 6, 2003, a "Motion To Stay Respondent Motion for Dismissal, or in the Alternative, Summary Judgment" on March 29, 2004, and his objections to the magistrate judge's report and recommendation on June 8, 2004. In these pleadings, he responds to the arguments made by the respondents in their motion for summary judgment. Accordingly, Watts' motion to strike was untimely.

Furthermore, the information provided by the respondents in their motion for summary judgment that Watts seeks to strike is not redundant, immaterial, impertinent, or scandalous information which must be stricken by the Court. Therefore, the Court **DENIES** Watt's motion to strike (dkt no. 14).

### ORDER ACCEPTING THE MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT

**F. Miscellaneous Motions**

Watts filed a "Motion to Stay Respondent's Motion for Summary Judgment and Motion to Recharacterize Petition Back to 2241" on October 6, 2003 and a "Motion to Stay Respondent Motion for Dismissal, or in the Alternative, Summary Judgment" on March 29, 2004. On July 26, 2004, Watts also filed a Motion for Priority of Civil Action Pursuant to 28 U.S.C. §1657. In light of this Order, the Court **DENIES** these motions as **MOOT**.

### IV. CONCLUSION

Consequently, the Court **ADOPTS** the Report and Recommendation in its entirety, **DENIES** all of Watts's pending motions, **GRANTS** the respondents' motion for summary judgment, and **ORDERS** Watts's case **DISMISSED WITH PREJUDICE** and stricken from the Court's docket.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to the petitioner and all appropriate agencies.

Dated: December _____ 6 _____, 2005

IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE